**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Terry Dale James, | No. CV-21-00091-TUC-JCH |
|             Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
|             Respondents. | |

      Petitioner Terry Dale James, proceeding pro se, filed an "Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)" ("Amended Petition"). Doc. 6. Respondents filed a Limited Answer. Doc. 21. On April 26, 2023, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") in which he recommended this Court dismiss the Amended Petition. Doc. 30. Petitioner filed an objection to the R&R (Doc. 33), and Respondents filed a response to Petitioner's objection (Doc. 37). For the following reasons, the Court will overrule Petitioner's objections, adopt Judge Markovich's R&R in full, and dismiss the Amended Petition.

**I.    Procedural History**

      The R&R details the extensive procedural history of this case. Doc. 30 at 2–27.[1] Neither party objected to this portion of the R&R, and the Court will adopt it in its entirety. In brief, the procedural history is as follows: after a four-day trial in 2015, a Pima County

---

[1] All document citations are to CMECF page number.

jury found Petitioner guilty of child molestation and sexual conduct with a minor under the age of twelve. *See id.* at 3; *see also* Doc. 21-1 at 63. The convictions related to a single episode involving T.H., Petitioner's step-granddaughter, occurring at some point between 2002 and 2007, when T.H. was between six and ten years old. Doc. 30 at 2. The trial court imposed enhanced, consecutive sentences of twenty-one years and life with the possibility of release after thirty-five years, respectively. *Id.* at 3–4.

## A. Direct Appeal

In July 2016, Petitioner appealed his convictions and sentences through counsel to the Arizona Court of Appeals. Doc. 6-3. Petitioner asserted three issues: (1) the trial court erroneously admitted Rule 404(c) other-act evidence, (2) the trial court provided erroneous jury instructions, and (3) Petitioner's Sixth Amendment right to a jury trial was violated when his prior convictions were tried at a bench trial. *Id.* at 6. The appellate court affirmed the convictions and sentences, with correction. *State v. James*, 393 P.3d 467 (Ariz. Ct. App. 2017).

In April 2017, Petitioner filed a Petition for Review with the Arizona Supreme Court. The Arizona Supreme Court denied both the Petition and State's Cross-Petition for review. *State v. James*, No. CR-17-0181-PR, Mem. Decision (Ariz. Sept. 12, 2017).

## B. First Post-Conviction Relief ("PCR") Proceeding

In September 2017, Petitioner filed a Notice of Post-Conviction Relief. Doc. 30 at 11. In November 2018, PCR counsel filed a notice under *Montgomery v. Sheldon (I)*, 889 P.2d 614 (Ariz. 1995), stating that he had "reviewed the record and consulted with Defendant, but f[ound] no issues." *Id.* Under Arizona Rule of Criminal Procedure 32, Petitioner filed a pro se PCR Petition raising nine grounds for relief in the state's Rule 32 court. *Id.* at 11–12.

In November 2019, the Rule 32 court issued its order summarily dismissing Petitioner's pro se PCR Petition and denying his ineffective assistance of counsel claim. *State v. James*, No. CR20141325-001, Ruling—In Chambers Ruling Re: Pet. for PCR (Pima Cnty. Super. Ct. Nov. 19, 2019).

### C.  Instant Habeas Proceeding

In February 2021, Petitioner filed his Petition for a Writ of Habeas Corpus (Doc. 1), and Petitioner filed an Amended Petition in March 2021 (Doc. 6). Petitioner asserts five grounds for relief: (1) "Actual innocence by the use of timeline evidence"; (2) "[j]ury tampering by a group of Hells Angels" in violation of his due process rights and ineffective assistance of counsel for ignoring the individuals; (3) "[t]he court erred by denying the motion to suppress the confrontation call" and ineffective assistance of counsel for allegedly failing to prepare to rebut reasons why the call was admissible; (4) "[t]he court allowed 'interested persons' to serve on the jury" in violation of his due process rights and ineffective assistance of counsel for an alleged failure to recognize and raise the issue prior to trial or during voir dire; and (5) "duplicitous" charges in violation of his Double Jeopardy rights. *Id.*

This matter was referred to Magistrate Judge Eric Markovich for a Report and Recommendation. The R&R recommends the District Court dismiss the Amended Petition (Doc. 6). Doc. 30 at 1.

## II.  Respondents' Motion to Strike Reply and Petitioner's Supplemental Motion

On May 15, 2023, Petitioner filed an objection to the R&R (Doc. 33), and Respondents filed a response on June 19, 2023 (Doc. 37). On June 26, 2023, Petitioner filed a Reply to Respondents' Response. Doc. 38 (entitled "Response to respondants [sic] objection to R&R by petitioner"). Respondents filed a Motion seeking to strike the Reply as improper under Rule 72 of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of Civil Procedure. *See* Doc. 39.

Rule 72 provides:

> [w]ithin 14 days after being served with a copy of the [R&R], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.

Fed. R. Civ. P. 72(b)(2). The rule thus provides only for an objection by a party who disagrees with some aspect of the R&R, a response to that objection by the opposing party,

and nothing more. It does not allow for a reply to the response or supplemental briefing. Because Petitioner's filings are not permitted by the Rules, the Court will grant Respondents' Motion and strike the Reply at Docket No. 38.

On July 5, 2023, Petitioner filed a "Motion to set aside all charges and sentences with prejudice to reprosecution [sic]." Doc. 40. The Court construes Plaintiff's Motion as a supplemental pleading under Fed. R. Civ. P. 15(d) and so construed will deny the Motion as redundant and futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.    R&R Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Some of Petitioner's objections are general in nature, reasserting arguments made in the petition rather than addressing the R&R. "[M]erely reasserting the grounds of the petition as an objection provides this Court with no guidance as to what portions of the R&R Petitioner considers to be incorrect." *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012 WL 393462, at *2 (D. Ariz. Feb. 7, 2012). Rule 72 requires more. The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas*, 474 U.S. at 149. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. ///

1   Dec. 20, 2019). As a result, the Court will adopt the portions of the R&R to which Petitioner

2   makes only general objections as though they were unobjected.

3   **IV.   Analysis**

4          The Amended Petition in this case was filed under 28 U.S.C. § 2254 because

5   Petitioner is incarcerated based on a state-court conviction. Section 2254 permits granting

6   a writ of habeas corpus in only specific circumstances. A petition must not be granted

7   "unless ... the applicant has exhausted the remedies available in the courts of the State." *Id.*

8   § 2254(b)(1)(A) (subject to certain exceptions that allow Petitioner to come overcome his

9   failure to exhaust in state court). Even where the petitioner has exhausted state-court

10  remedies, a district court cannot grant relief unless the state conviction "resulted in a

11  decision that was contrary to, or involved an unreasonable application of, clearly

12  established Federal law, as determined by the Supreme Court." *Id.* § 2254(d)(1). An

13  unreasonable application of law must be "objectively unreasonable, not merely wrong."

14  *White v. Woodall*, 572 U.S. 415, 419 (2014). Instead, the state court's ruling must be "so

15  lacking in justification that there was an error well understood and comprehended in

16  existing law beyond any possibility for fairminded disagreement." *Id.* at 420.

17         **A.  First Objection – Actual Innocence (Ground One)**

18         In Ground One, Petitioner argues actual innocence because witness testimony at

19  trial "narrowed the alleged crime timeline[,]" and "prove[d] there was no contact when [the

20  victim] testified 'it' happened." Doc. 6-1 at 11–12.

21         The R&R first analyzed Petitioner's claim of actual innocence as a "freestanding"

22  actual innocence claim. Doc. 30 at 35; *see also Herrera v. Collins*, 506 U.S. 390, 404–05

23  (1993) (A "freestanding" actual innocence claim is a claim in which a petitioner argues that

24  he is "entitled to habeas relief because newly discovered evidence shows that [his]

25  conviction is factually incorrect."). The R&R concluded that the claim should be denied as

26  not cognizable because "the evidence upon which Petitioner relies was presented at trial,

27  and therefore can neither be considered 'new' or adequate to show that no reasonable juror

28  would have convicted him." Doc. 30 at 35. Alternatively, the R&R concluded that the claim

should be denied because it is procedurally defaulted for two reasons. *Id.* at 36–37.  First, the R&R determined that Petitioner did not raise his actual innocence claim as a gateway for a due process violation on direct appeal or in his pro se PCR petition to the trial court. *Id.* at 36. Second, the R&R determined that Petitioner failed to show cause and prejudice. *See Teague v. Lane*, 489 U.S. 288, 298 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).

Petitioner objected to the R&R's conclusions that (1) a freestanding innocence claim must be based on new evidence, and (2) his claim is procedurally defaulted because it was not raised in his PCR petition. Doc. 33 at 5–6. Petitioner argues that he presented his innocence timeline evidence "in all three … PCR Courts." *Id.* at 5.

Petitioner did not object to the R&R's conclusion that a claim of actual innocence was not raised on direct appeal and is thus procedurally defaulted. Therefore, this Court will adopt the R&R's recommendation on that issue. As for Petitioner's other two objections, upon de novo review of Petitioner's habeas petition exhibits—which include voluminous trial, appellate, and PCR materials—the Court reaches the same conclusions as the R&R.

First, Petitioner mistakenly asserts that "[i]t does not matter if the facts are new or old" and that the trial court did not properly consider the facts before it. Doc. 33 at 5. While a freestanding claim of actual innocence must allege an independent constitutional violation at the very least, it must also include newly discovered facts. *See Collins*, 506 U.S. at 400. Petitioner admits the evidence of discrepancies between the state's timeline, the victim's testimony, and the last possible date of contact between Petitioner and the victim were already presented at trial. Doc. 33 at 5 ("The[se] facts in my case were spoken as truth at my trial."). Absent evidence of newly discovered facts, Petitioner's freestanding claim of actual innocence is non-cognizable.

Second, Petitioner did not raise his actual innocence claim as a gateway for a due process violation in his PCR petition to the trial court. *See* Doc. 21-1 at 17 ("Exh. B"

(Appellant's Opening Br., *State v. James*, No. 2 CA-CR 2025-0447 (Ariz. Ct. App. July 7, 2016))); Doc. 21-2 at 2 ("Exh. L1" (Petr.'s Pet. for PCR, *State v. James*, No. CR-20141325-001 (Pima Cnty. Super. Ct. May 8, 2018))). Petitioner's first PCR petition claimed actual innocence based on contradictory timeline evidence and actual innocence based on insufficient evidence. Doc. 21-2 at 21. However, actual innocence based on contradictory timelines and insufficient evidence are not federal claims. A state prisoner must alert the state court "to the presence of a federal claim" in each petition to provide fair presentation of any potential federal claim. *Baldwin v. Reese*, 541 U.S. 27, 31–33 (2004). Petitioner raised his claim of actual innocence based on a violation of the Due Process Clause of the U.S. Constitution for the first time in the pendant habeas petition. Doc. 6-1 at 7. Thus, Petitioner's claim of actual innocence based on a due process violation is procedurally defaulted, absent a showing of cause and prejudice.

Petitioner did not object to the R&R's finding of no cause and prejudice to excuse the procedural default, and the Court will adopt the R&R's conclusion on that matter.

Even if Petitioner's claim of actual innocence were not procedurally defaulted, it is meritless. Petitioner argues the victim narrowed the timeframe of when the offense occurred to a time when Petitioner had no contact, making the offense a factual impossibility. *See* Doc. 6 at 11–12; Doc. 6-2 at 31–33. But Petitioner ignores the fact that the victim used approximating rather than exact language for that timeframe. *See* Doc. 21-5 at 91–92 ("And was [the offense committed] during that timeframe of 2002 to 2007?" "Yes … I was on the *older* side of *closer* to 2007." "Okay. So *close* to *around* ten, nine or ten?" "Yes.") (emphasis added). Further, Petitioner ignores contradictory testimony from the victim that later placed the possible date of the offense back soundly within the time Petitioner still had contact with her. *Id.* at 108 ("And do you agree that you were probably around eight years old at that time?" "Yes."). It is the jury's prerogative to consider the weight and credibility given to all evidence—even contradictory evidence—presented at trial, and courts will not disturb such a function absent manifest and extreme abuse. *Sartor v. Ark. Nat. Gas Corp.*, 321 U.S. 620, 628 (1944).

**B.  Second Objection – Jury Tampering and Ineffective Assistance of Counsel (Ground Two)**

In Ground Two, Petitioner argues that "[j]ury tampering [occurred] by a group of Hells Angels who wore leather jackets with the insignia Bikers Against Child Abuse." Doc. 6 at 7. Petitioner asserted that the actions of these individuals deprived him of his rights to due process and a fair and impartial jury. *Id.* at 7. He further argues that his trial counsel was ineffective for ignoring the "men who tampered with the jury every day of trial." *Id.*

The R&R concluded that the jury tampering claim was procedurally defaulted because it was not raised on direct appeal. Further, the R&R concluded that because Rule 32.2 provides an independent and adequate basis for denying relief, Petitioner's claims are procedurally defaulted and therefore barred from this Court's review. *Stewart v. Smith*, 536 U.S. 856, 861 (2002) (holding that denials pursuant to Rule 32.2(a) are "independent of federal law"); *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) ("Arizona's waiver rules are independent [nonfederal] and adequate bases for denying relief.") (internal citations omitted). As to the ineffective assistance of counsel ("IAC") claim, the R&R determined that Petitioner did not raise IAC related to the jury tampering on direct appeal or in his pro se PCR petition to the trial court. Doc. 30 at 39–41. The R&R also observed that the appellate court subsequently declined to consider Petitioner's IAC claim, citing Rule 32.16(c)(2)(B), because the claim had been raised for the first time on review. *Id.* at 40. Lastly, the R&R determined that Petitioner failed to show cause and prejudice. *Id.* at 41.

Petitioner first objects to the R&R's determination that he did not raise this IAC issue in his PCR appeal and insists that he did. Doc. 33 at 8. Petitioner further asserts this issue should not be precluded because he was not adequately involved in the preparation of his direct appeal. *Id.* Petitioner refers to "a case of Long v. Florida where … men wearing BACA jackets" were found to be tampering with the jury and the "case was reversed and remanded." *Id.* (Petitioner's citation did not include a reporter number, and the Court was unable to locate a case matching this description.)

Petitioner did not object to the R&R's determination that review by Arizona's Rule 32 court provides an independent and adequate state law ground that precludes federal habeas review. *See* Doc. 33 at 8–9. Petitioner's earnest rehashing of the same jury-tampering facts from his initial habeas petition lacks the kind of specificity required for an objection to the R&R's determination on that point. Further, Petitioner did not object to the determination that he did not show cause or actual prejudice from this claim being procedurally barred. Thus, the Court adopts that portion of the R&R.

Upon de novo review of all other materials, the Court reaches the same conclusions as the R&R: Petitioner's claim of IAC for failure to address the jury tampering is procedurally defaulted, and Petitioner failed to show cause or prejudice. Petitioner concedes that he did not raise a claim for jury tampering during his direct appeal, but attributes this to his having little input in his direct appeal as it was largely handled by his appellate counsel. Doc. 33 at 8. However, the proper remedy to contest claims excluded from a direct appeal is an IAC claim at the next level of appeal or in the PCR petition. *See State v. Herrera*, 905 P.2d 1377, 1382 (Ariz. Ct. App. 1995). Further, "appellate counsel's waiver of other possible issues binds the defendant, and those waived issues cannot be resurrected in post-conviction proceedings." *Id.* Petitioner should also note that counsel cannot be ineffective merely for failing to raise a meritless argument. *Wilson v. Henry*, 185 F.3d 986, 991 (9th Cir.1999).

Petitioner's PCR petition raised only one claim of IAC—for trial counsel failing to call witnesses to Petitioner's defense. Doc. 21-2 at 21. "As a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original). Regarding this pendant IAC claim related to jury tampering, Petitioner failed to give the state courts the "opportunity to pass upon and correct" the alleged violation, as required for purposes of exhaustion. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). Neither did Petitioner show ///

cause or prejudice for failing to bring this IAC claim sooner. As such, it is procedurally defaulted and precluded from habeas review.

### C.  Third Objection – Confrontation Call Evidence (Ground Three)

In Ground Three, Petitioner argues that "[t]he court erred by denying the motion to suppress the confrontation call because it was illegally intercepted and recorded by law enforcement then allowed to be played during trial." Doc. 6 at 8. Additionally, Petitioner argues ineffective assistance of counsel due to the alleged failure of his trial counsel to properly prepare for the suppression hearing and for the alleged failure of his appellate counsel to raise this issue on direct appeal. Doc. 6-1 at 21.

The R&R first analyzed the Fourth Amendment claim and determined it is precluded from habeas review because "Petitioner had a full and fair opportunity to litigate any alleged Fourth Amendment violation in the state courts." Doc. 30 at 42–44. The R&R next determined that Petitioner did not raise his IAC claim pertaining to the confrontation call evidence on direct appeal or in his pro se PCR petition. *Id.* at 44. The R&R observed that the appellate court subsequently declined to consider Petitioner's IAC claim, citing Rule 32.16(c)(2)(B), because it had been raised for the first time on review. *Id.* at 44. Lastly, the R&R determined that Petitioner failed to show cause and prejudice. *Id.* at 45.

Petitioner objects that "[t]his issue can not [sic] be precluded because it was brought up in a pretrial motion, on direct appeal and on PCR." Doc. 33 at 11. Petitioner alludes to judicial misconduct on the part of his trial judge and asserts that the trial judge "refused to admit it was illegal" to allow the confrontation call. *Id.* at 12. Petitioner also makes a general objection that "[a]ll my attorneys and myself [sic] were ineffective assistance of counsel," *id.*, with no further supporting information. A general objection having the same effect as no objection, the Court adopts the R&R's reasoning and conclusions related to this IAC claim.

Petitioner did, indeed, raise issues with the confrontation call at trial, on direct appeal, and in his PCR petition. Doc. 33 at 10–11; Doc. 21-2 at 21. Here, however, this issue is not precluded for failure to bring the claim sooner, but rather because the claim,

already properly raised, was fully and fairly litigated in the trial court, on appeal, and in the Rule 32 court. Petitioner characterizes his arguments as being "blocked … at every stage of appeal," Doc. 33 at 11, but his dissatisfaction with the outcome does not mean Petitioner was denied the opportunity to fully litigate this issue. Therefore, the Court adopts the R&R's recommendation on this point and finds Petitioner's confrontation call claim to be procedurally defaulted and barred from habeas review.

Even if petitioner's confrontation call claim were not procedurally defaulted, it is meritless. Petitioner contends that (1) the victim was a minor and could not consent to recording the confrontation call and (2) there is no written or oral recording of the victim's parents giving consent. Although the State of Arizona limits a minor's ability to consent to sexual activity, minors are generally competent to provide consent for other activities. *See e.g.*, *State v. Fischer*, 199 P.3d 663, 669–70 (Ariz. Ct. App. 2008) (minors are "too unsophisticated" to consent to sexual activity); *Glenn H. v. Hoskins*, 419 P.3d 567, 571 (Ariz. Ct. App. 2018) (minors can consent or refuse consent for medical procedures); *In re Adoption of Holman*, 295 P.2d 372, 375–76 (Ariz. 1956) (minor parent can consent to adoption); *State v. Butler*, 302 P.3d 609, 612–13 (Ariz. 2013) (many factors can affect minors' ability to consent in judicial proceedings). Not only is a minor's parent's consent not required, but there is also no requirement that any consent to record a phone call be written or recorded. *See* Ariz. Rev. Stats. Ann. § 13-3005. Moreover, neither the victim nor her parents ever challenged the use of confrontation call evidence at trial, further implying their consent.

### D. Fourth Objection – Jury Composition (Ground Four)

In Ground Four, Petitioner argues that the jury in his trial contained six "interested persons," including the foreperson, whose occupations necessarily prevented them from being fair and impartial. Doc. 6-1 at 22–23. Petitioner further argues that his trial counsel was ineffective for failing to "properly research[], investigat[e] and rais[e] this issue before and during initial jury selection." *Id.* at 24.

///

The R&R determined that Petitioner's claims related to interested persons on the jury were procedurally defaulted and precluded from habeas review because they were not raised on direct appeal and Petitioner did not show that cause or actual prejudice prevented him from timely raising these issues. Doc. 30 at 47–48. The R&R further determined that Petitioner's claims that his trial and appellate counsel were ineffective for failing to raise the jury composition issue are procedurally barred because Petitioner did not raise these specific claims on every level of review. *Id.* at 48–50.

Petitioner did not object to the R&R's determination regarding his IAC claims. *See* Doc. 33 at 13–14. Nor did Petitioner object to Arizona's procedural rule barring federal habeas review on the jury composition issue. *See id.* Thus, the Court adopts the R&R's conclusions on those points.

Petitioner objects to the R&R's conclusion that his jury composition claim is procedurally defaulted for failure to raise the issue sooner because it was his attorney's decision not to raise this issue on direct appeal, not his own. *Id.* at 13. But the proper remedy to contest a claim excluded from direct appeal in Arizona is an IAC claim in the PCR petition. *Herrera*, 905 P.2d at 1382; *see also State v. Bennett*, 146 P.3d 63, 68 (Ariz. 2006); *State ex rel. Thomas v. Rayes*, 153 P.3d 1040, 1044 (Ariz. 2007). Petitioner did not raise an IAC claim related to jury composition in his PCR appeal. *See* Doc. 21-2 at 21. Further, Petitioner did not show cause or prejudice for failure to bring this issue. *Id.* Thus, this issue is procedurally defaulted and precluded from habeas review.

### E.  Fifth Objection – Double Jeopardy (Ground Five)

In Ground Five, Petitioner argues that molestation is a lesser included offense of sexual conduct with a minor, and thus his conviction for both offenses arising from a single incident is duplicative and violates double jeopardy. Doc. 6 at 10.

The R&R determined that Petitioner's claim of double jeopardy is procedurally defaulted and precluded from habeas review because (1) it was not raised on direct appeal, (2) the state appellate court was explicit about the procedural bar, and (3) Petitioner did not ///

1   show that cause or actual prejudice prevented him from timely raising this issue. Doc. 30

2   at 51–52.

3       Petitioner objects to the R&R's conclusions because his only contact with his

4   appellate counsel was through letters, which impeded his ability to give input on which

5   claims to raise, and because he "did raise this issue in my PCR appeal." Doc. 33 at 15.

6       Again, the proper remedy to contest a claim excluded from direct appeal in Arizona

7   is an IAC claim in the PCR petition. *Herrera*, 905 P.2d at 1382. But also "appellate

8   counsel's waiver of other possible issues binds the defendant, and those waived issues

9   cannot be resurrected in post-conviction proceedings." *Id.*

10      Even if Petitioner's claims were not procedurally barred, they are meritless.

11  Petitioner claims both of his charges "arose from the same act" and are duplicative in

12  violation of double jeopardy. Doc. 33 at 15. But multiple charges can stem from a single

13  incident: "[W]here the same act or transaction constitutes a violation of two distinct

14  statutory provisions, the test to be applied to determine whether there are two offenses or

15  only one, is whether each provision requires proof of a fact which the other does not."

16  *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Petitioner's molestation charge

17  required sexual contact, whereas his sexual conduct charge required oral sexual contact.

18  *Compare* Ariz. Rev. Stats. Ann. § 13-1405, *with* Ariz. Rev. Stats. Ann. § 13-1410. The

19  molestation charge arose from Petitioner touching the victim's vagina with his finger

20  whereas the sexual conduct charge arose from Petitioner touching the victim's vagina with

21  his tongue. *See* Doc. 21-5 at 97. These are two different kinds of sexual contact, which

22  were correctly charged as two separate offenses.

23      **F.  Miscellaneous Objections – "Additional Evidence"**

24      Petitioner provides a narrative detailing the history of his relationship with his

25  stepdaughter A.H., who is the mother of T.H. Doc. 33 at 17–23. Petitioner admits to being

26  convicted in 1991 for touching A.H.'s breast when she was 14 years old, that A.H. was

27  forced to move out of the home when Petitioner was released from jail a year later, and that

28  A.H. was "very angry" because her "mother picked [Petitioner] instead of [A.H.]." *Id.* at

1    18. Petitioner characterizes A.H. as a "very angry, manipulative, [and] screwed up person

2    due to the lifestyle she was forced to live." *Id.*

3          Petitioner claims A.H. coached T.H. into making false allegations of abuse in 2006

4    and 2014 to retaliate against Petitioner for cutting off financial support to A.H. *Id.* at 19–

5    20. Petitioner stated that both A.H. and T.H. were motivated by hate and revenge, and that

6    they "would do and say anything and everything they could against me." *Id.* at 23.

7    Petitioner characterizes this narrative of A.H. and T.H.'s motivation to lie as "new

8    evidence." *Id.*

9          As stated in the R&R, new evidence is not a ground for federal habeas relief without

10   an independent constitutional violation alleged in the underlying state criminal proceeding.

11   Doc. 30 at 35 (quoting *Collins*, 506 U.S. at 400). Additionally, newly discovered evidence

12   that is merely impeaching in character does not warrant a new trial. *Balestreri v. U.S.*, 224

13   F.2d 915, 917 (9th Cir. 1955).

14   **V.    Order**

15         Accordingly,

16         **IT IS ORDERED ADOPTING IN FULL** the Report and Recommendation

17   (Doc. 30).

18         **IT IS FURTHER ORDERED DISMISSING** the Amended Petition. (Doc. 6). The

19   Clerk of the Court shall enter judgment and close this case.

20         **IT IS FURTHER ORDERED GRANTING** Respondents' "Motion to Strike"

21   (Doc. 39). The Clerk shall strike Petitioner's "Response to Respondents' Reply" filed at

22   Doc. 38.

23         **IT IS FURTHER ORDERED DENYING** Petitioner's "Motion to Set Aside All

24   Charges and Sentences with Prejudice to Reprosecution" (Doc. 40).

25         **IT IS FURTHER ORDERED** under Rule 11(a) of the Rules Governing Section

26   2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate

27   of appealability because reasonable jurists could not "debate whether (or, for that matter,

28   agree that) the petition should have been resolved in a different manner or that the issues

1    presented were 'adequate to deserve encouragement to proceed further.'" *See Slack v.*

2    *McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).

3          Dated this 27th day of September, 2023.

4

5

6    _____

7         John C. Hinderaker

8        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28